IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ASTANIEL JARVIS MANN,

               Petitioner

    VS.

RICK JACOBS, WARDEN,

               Respondent

NO. 5:10-CV-131 (MTT)

PROCEEDING UNDER 28 U.S.C. §2254
BEFORE THE U.S. MAGISTRATE JUDGE

## RECOMMENDATION

Before the court is respondent Rick Jacobs' motion seeking dismissal of the above-captioned petition. Tab #7. Therein, respondent Jacobs contends that the instant petition is due to be dismissed as untimely according to the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244(d). Petitioner Astaniel Jarvis Mann has filed a response to the motion. Tab #10. The motion is ripe for review.

### FACTUAL AND PROCEDURAL HISTORY

On January 25, 2001, petitioner Mann was convicted by a Monroe County, Georgia jury for the offenses of armed robbery, kidnaping with bodily injury, aggravated assault, burglary, and theft by taking. He was sentenced to a total of life without parole. The petitioner appealed his convictions and sentences, and they were affirmed on June 6, 2005. Mann v. State, 273 Ga. App. 888, 616 S.E.2d 121 (2005). His subsequently filed motion for reconsideration was denied on June 23, 2005.

On May 31, 2006, the petitioner filed a state habeas corpus petition in the Superior Court of Tattnall County, Georgia. In an order filed on December 19, 2007, the state habeas corpus court denied relief. The petitioner then filed an application for a certificate of probable cause to appeal the denial of habeas corpus relief. His application was docketed on February 4, 2008. In an order dated January 11, 2010, the application was dismissed as untimely by the Georgia Supreme Court. On March 31, 2010, petitioner Mann executed the instant federal petition. Thereafter, on June 8, 2010, the respondent filed the instant motion seeking dismissal.

## LEGAL STANDARDS

In pertinent part, 28 U.S.C. §2244(d) provides as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–*

> *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*
>
> *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*
>
> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

## DISCUSSION

In support of motion seeking dismissal, the respondent first submits that petitioner Mann's convictions became final on July 3, 2005, the day upon which the ten (10) day period for filing an application for certiorari in the Georgia Supreme Court expired. The respondent then observed that the petitioner waited until May 31, 2006, some three-hundred-thirty-one (331) days later, to file a state habeas petition. As this state habeas petition was denied on December 19, 2007, the respondent avers that the petitioner had until January 18, 2008 to file a notice of appeal and application for certificate of probable cause to appeal. According to the respondent, the petitioner failed to do so. Consequently, an additional eight-hundred-three (803) days of un-tolled time passed before the petitioner filed the instant federal petition. In view of the fact that the total un-tolled time that elapsed between the petitioner's convictions becoming final and the filing of the instant action exceeded one (1) year, the respondent concludes that the instant petition should be dismissed as untimely.

In response, and without contesting the times and dates cited to and relied upon by the respondent, the petitioner declares that his federal petition is timely and should be considered on its merits. In support of this assertion, the petitioner explains that, due to his being transferred between prisons, he did not receive the December 19, 2007 state habeas court order denying relief until January 22, 2008. According to the petitioner, upon his receipt of the order, he immediately filed an application for a certificate of probable cause to appeal with the Georgia Supreme Court that was docketed on February 4, 2008. Though the petitioner does not articulate the argument, he appears to contend that the pendency of this application statutorily tolls the one (1) year period of limitations. The petitioner is mistaken.

The petitioner's application for a certificate of probable cause to appeal in the Georgia Supreme Court was untimely. As such, within the meaning of 28 U.S.C. §2244(d)(2), it was not properly filed. For this reason, the one (1) year period of limitations was not statutorily tolled during the pendency of the application.

In addition, and insofar as the petitioner's response can be interpreted as a request for equitable tolling, such a request is also unavailing. In order to establish entitlement to equitable tolling, a petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408 (2005). In this case, and in view of the Georgia Supreme Court's February 4, 2008 docketing notification, the petitioner became aware of the fact that his application for a certificate of probable cause to appeal was untimely soon after it was filed. Thereafter, the petitioner waited more than two (2) years before filing a federal petition. As such, it cannot be said that he diligently pursued his rights. The petitioner does not allege that any extraordinary circumstance prevented him from filing a timely federal petition. The petitioner having failed to show any such extraordinary circumstance or to demonstrate the diligent pursuit of his rights, equitable tolling is not warranted.

## CONCLUSION

In view of the above, it is apparent that petitioner Mann's federal petition is untimely. Accordingly, IT IS RECOMMENDED that the respondent's motion seeking dismissal be GRANTED and that the instant petition be DISMISSED. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The Clerk is directed to serve the petitioner at the last address provided by him.

SO RECOMMENDED, this 20th day of JANUARY, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge